IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RICKY LAMAR HOGAN, a/k/a
Ricky Lee Hogan,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV606-015

GEORGIA DEPARTMENT OF
CORRECTIONS; JAMES E. DONALD;
EDMUND J. BAZAR, JR.; RAYMOND
HEAD; THE STATE DEPARTMENT
OF LAW; THURBERT E. BAKER;
JOHN C. JONES; Governor SONNY
PERDUE; CATHY COX; STATE
ETHICS COMMISSION; SAM
NICHOLSON; TEDDY LEE; RICK
THOMPSON; CLAIMS ADVISORY
BOARD; PAMELA G. FOWLER;
MEADOWS REGIONAL MEDICAL
CENTER, INCORPORATED;
JOSEPH P. GILES; THE GEORGIA
STATE PRISON; HUGH SMITH;
STEVE ROBERTS; JOHN PAUL;
SANDRA S. MOORE; JOHN E.
BROWN; LOUIE SMITH; REBECCA
GEIGER; ERIC HAMPHILL; JOHN
BOYETTE; JOANNA THOMPSON;
CARL A. ANDERSON; JAMES MILLS;
Dr. T. JONES; Ms. KITCHENS, Mental
Health Counselor; STATE OF GEORGIA;
STATE BOARD OF PARDONS AND
PAROLES; CO LARRY MONTGOMERY,
and DERRICK SCHOFIELD,

    Defendants.

## MAGISTRATE JUDGE'S ORDER
## AND REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Georgia State Prison in Reidsville, Georgia, filed this case on February 13, 2006, seeking to proceed in

AO 72A
(Rev. 8/82)

forma pauperis in an action contesting the conditions of his confinement.

A prisoner proceeding in forma pauperis in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C.A. § 1915.  28 U.S.C.A. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed and count as strikes under § 1915(g): (1) Hogan v. Georgia State Prison, CV699-65 (S.D. Ga. June 30, 1999) (dismissed for failure to state a claim); (2) Hogan v. Georgia State Prison, CV601-72 (S.D. Ga. Oct. 22, 2001) (dismissed as being frivolous); and (3) Hogan v. Dupree, CV603-57 (S.D. Ga. Nov. 19, 2003) (dismissed for failure to exhaust administrative remedies[1]).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998).  In so doing, the Court concluded that section

---

[1] Dismissal of a prior suit for failure to exhaust administrative remedies counts as a strike under § 1915(g). Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

2

1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Id. at 721-27. Because Plaintiff has filed three previously dismissed cases which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Id. at 1193.

In his Complaint, Plaintiff alleges that in March 2003, he underwent a procedure at Meadows Regional Medical Center during which he was secretly implanted with a "mini-micro-chip" and that he has experienced some complications as a result.[2] Part One of Plaintiff's complaint, consisting of sixty-one (61) pages, and

---

[2] Plaintiff's complaint is very similar to complaints filed in June 2004, and January 2005, which were similarly dismissed, without prejudice, pursuant to § 1915(g). See Hogan v. Meadows Regional Medical Center, CV604-074 (S.D. Ga. June 28, 2004), and Hogan v. Meadows Regional Medical Center, CV605-003 (S.D. Ga. January 10, 2005).

Part Two, consisting of nine (9) pages, list various other allegations that do not amount to a showing of "imminent danger." Plaintiff has not shown that he was in imminent danger of serious physical injury at the time he filed his Complaint, which is dated February 7, 2006. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**, without prejudice. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full $250.00 filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 7th day of March, 2006.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)